UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATIONAL ASSOCIATION FOR STOCK CAR AUTO RACING, LLC,

Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT,

Defendants.

Civil Action No. 26-cv-07876

**[PROPOSED] ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER**

The Court has considered Plaintiff's *ex parte* application (the "Application"), including the Declarations of Megan Malayter, Shengmao Mu, and Yingchun Hou, the exhibits thereto, and all other papers filed in support of the Application, for the following relief:

(1) a temporary restraining order against defendants (as described in Schedule A attached to the Complaint ("Defendants"), which shall also be attached hereto), enjoining Defendants from the manufacture, importation, distribution, offering for sale, and sale of infringing products (the "Infringing Products") infringing upon U.S. Trademark Registration Nos. 1,908,112; 5,388,088; 5,392,803; and 5,578,788 (the "NASCAR Marks");

(2) a temporary restraint of certain of Defendants' assets, described below, to preserve Plaintiff's right to an equitable accounting;

(3) expedited discovery allowing Plaintiff to inspect and copy Defendants' records relating to the manufacture, distribution, offering for sale, and sale of Infringing Products, as well as of Defendants' financial accounts;

(4) electronic notice of the TRO under Rule 65 and service of process of the complaint and summons by e-mail under Rule 4(f)(3); and

(5) ordering Defendants to show cause why a preliminary injunction should not issue on the return date of the Application.

Based on the papers and other evidence submitted in support of the Application, and for good cause shown, the Court makes the following findings of fact and conclusions of law:

## FACTUAL FINDINGS & CONCLUSIONS OF LAW

1. Plaintiff is likely to prevail on its trademark infringement claims at trial.

2. As a result of Defendants' misconduct, Plaintiff is likely to suffer immediate and irreparable losses, damages, and injuries before Defendants can be heard in opposition, unless Plaintiff's Application for *ex parte* relief is granted. For example:

a. Defendants, without any authorization or license from Plaintiff, have knowingly, willfully, and deliberately infringed Plaintiff's NASCAR Marks in connection with the systematic advertisement, distribution, offering for sale, and sale of Infringing Products into the United States, including within this judicial district of New York, over the Internet through accounts with online marketplace platforms including Amazon, Walmart, TEMU, PayPal and Shop Pay held by Defendants (the "User Account(s)").

b. Plaintiff has well-founded fears that more Infringing Products will appear in the marketplace using the same User Accounts or new and different User Accounts; that consumers may be misled, confused and disappointed by the quality of these Infringing Products, resulting in injury to Plaintiff's reputation and goodwill and, in particular, the reputation and goodwill related to NASCAR Marks.

c. Plaintiff has well-founded fears that if it proceeds on notice to Defendants on this

Application, Defendants will: (i) transfer, conceal, dispose of, or otherwise destroy the Infringing Products and information concerning the Infringing Products; (ii) transfer, conceal, dispose of, or otherwise hide the ill-gotten proceeds from the improper sale of the Infringing Products; and/or (iii) close down existing User Accounts, transfer User Account information, and/or open a new User Account through which Defendants can improperly advertise, market, promote, distribute, offer for sale and/or sell the Infringing Products under a new or different alias, allowing Defendants' misconduct to continue with little or no consequence.

3. On balance, the potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, its business, and the goodwill and reputation built up in and associated with NASCAR Marks if a temporary restraining order is not issued.

4. Rule 65(a)(1) provides that "[t]he court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1) (emphasis added). Rule 65 requires notice; it does not require completed formal service under Rule 4 before a court may enter or maintain urgent provisional relief. Likewise, the Hague Service Convention "authorizes special forms of service in case of urgency if convention methods will not permit service within the time required by the circumstances." Requiring Plaintiff to serve the Temporary Restraining Order via Hague Convention will invalidate preliminary relief because Plaintiff would not be able to serve the notice of Order to Show Cause before the TRO expires as the current time to effectuate service of process on China-based Defendants ranges from at least 10 to 16 months. Therefore, Plaintiff has made a sufficient showing that electronic service of the Temporary Restraining Order on Defendants is permissible.

5. If Defendants are given notice of the Application, they are likely to conceal, transfer,

or otherwise dispose of their ill-gotten proceeds from their sales of Infringing Products. Therefore, good cause exists for granting Plaintiff's request to proceed ex parte and for an asset restraining order. It typically takes banks and other financial institutions (including those defined below as the "Financial Institutions"), as well as online marketplace accounts, approximately five (5) days after service of an Order like this one to locate, attach, and freeze Defendants' Assets (defined below), Defendants' Accounts (defined below), and/or the User Accounts, and service on Defendants should not take place until such actions are completed.

6. Similarly, if Defendants are given notice of the Application, they are likely to destroy, move, hide or otherwise make inaccessible the records and documents relating to Defendants' manufacture, importing, advertising, marketing, distributing, offering for sale and/or sale of the Infringing Products. Thus, Plaintiff has established good cause for expedited discovery to be ordered. Separately, plaintiff exercised reasonable diligence to identify and verify a current physical address for each Defendant, but the investigation described in the Hou Declaration and Exhibit 1 was unable to verify a current physical address for any Defendant. The Hague Service Convention therefore does not apply under Article 1, and service of the summons and complaint by e-mail under Rule 4(f)(3) is not prohibited by international agreement and service on Defendants via electronic means is reasonably calculated to result in proper notice to Defendants.

## ORDER

Based on the foregoing findings of fact and conclusions of law, Plaintiff's Application is hereby **GRANTED,** and it is **ORDERED** as follows:

### Temporary Restraints

1. As sufficient causes have been shown, Defendants are temporarily enjoined and restrained from engaging in any of the following conduct pending the return date of the Application as referenced below:

a. manufacturing, advertising, offering for sale, selling, distributing, destroying, selling off, transferring, or otherwise disposing of any Infringing Products;

b. manufacturing, advertising, offering to sell, selling, reproducing, or distributing any goods utilizing the NASCAR Marks, or any confusingly similar goods, other than genuine products manufactured or distributed by Plaintiff or its authorized manufacturers and distributors;

c. destroying, selling off, transferring, or otherwise disposing of any documents, electronically stored information, or financial records or assets of any kind relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any Infringing Products;

d. using the NASCAR Marks on or in connection with any Seller Alias that any Defendant may own, operate, or control on any marketplace;

e. any and all use of the NASCAR Marks as metatags, on any webpage (including the title of any web page), in any advertising links to other websites, from search engines' databases or cache memory, or any other form of use of such terms that are visible to a computer user or serves to direct computer searches to any Seller Alias registered, owned or operated by any Defendant on any marketplace; and

f. altering, disabling, closing, or transferring ownership of any Seller Alias on any marketplace during the pendency of this action, or until further Order of the Court.

**Temporary Asset Restraint**

2. Pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure, N.Y. C.P.L.R. §

6201, and this Court's inherent equitable authority to preserve effective final relief, as sufficient cause has been shown, within five (5) days of receipt of service of this Order, the following Financial Institutions: (i) WhaleCo Inc. ("Temu"), (ii) PayPal, Inc. ("PayPal"), (iii) Payoneer, Inc. ("Payoneer"), (iv) Amazon.com Inc. ("Amazon"), and (v) Walmart Inc. ("Walmart") (collectively referred to as the "Financial Institutions") shall locate all accounts associated with Defendants (the "Defendants' Accounts") and other assets belonging to Defendants, including any cryptocurrency (the "Defendants' Assets") and shall locate, attach, and restrain the transfer or disposing of monies or funds from Defendants' Accounts, as well as the transfer or disposing of Defendants' Assets, until further ordered by this Court. The Financial Institutions shall provide written confirmation of their compliance with the foregoing to Plaintiff.

**Expedited Discovery**

3. As sufficient cause has been shown, within five (5) days of receipt of service of this Order, the Financial Institutions, registrars and other third parties that have discoverable contact and financial information related to Defendants shall provide the following information to Plaintiff's counsel (to the extent such information is in the Financial Institutions' possession, custody, or control):

a. Identifying information for Defendants, including all available contact information (which shall include, if available, all known e-mail addresses and mailing addresses), as well as all associated account numbers and account balances, regardless of the platform or institution.

b. Any User Accounts and/or online marketplace websites affiliated with Defendants that are not listed on Schedule A to the Complaint (and attached hereto).

c. Information concerning any of Defendants' Accounts or Defendants'

Assets including any and all related, connected or otherwise associated accounts or assets, regardless of the hosting platform or institution.

4. As sufficient cause has been shown, Plaintiff is authorized to conduct expedited discovery, including that:

a. Plaintiff may serve interrogatories and requests for production of documents, request for admission, pursuant to Rules 26 and 33, 34, and 36 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern District of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories and produce documents requested within five (5) days of service to Plaintiff's counsel.

**Service by Electronic Mail and/or Electronic Publication**

5. Pursuant to Fed. R. Civ. P. 4(f)(3), as sufficient cause has been shown, service of this Order and the Summons and Complaint may be made on, and shall be deemed effective as to Defendants if it is completed by the following means:

Delivery of: (i) PDF copies of this Order together with the Summons and Complaint; (ii) a link to a website where each Defendant will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiff's Application (the "Link") to Defendants' e-mail addresses as provided by the Financial Institutions or to the Financial Institutions if the Financial Institutions are unable to provide e-mail addresses.

6. The Clerk of Court is directed to issue a single original summons in the name of "The Individuals, Corporations, Limited Liability Companies, Partnerships, And Unincorporated Associations Identified On Schedule A To The Complaint" that shall apply to all Defendants.

**Security Bond**

7. Plaintiff shall deposit with the Court One Thousand, Five Hundred Dollars ($1,500.00), either cash, cashier's check or surety bond, as security, which amount was determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

**Sealing Order**

8. Plaintiff's Schedule A attached to the Complaint, Plaintiff's unredacted version of the Complaint, Exhibit 2 showing the Defendant Seller Aliases' infringement, and Exhibit 1 to Hou Declaration, shall be sealed and remain sealed until Defendants' Accounts and Defendants' Assets are restrained.

9. Plaintiff shall file unsealed versions of Plaintiff's Schedule A attached to the Complaint, Plaintiff's unredacted version of the Complaint, Exhibit 2 showing the Defendant Seller Aliases' infringement, and Exhibit 1 to Hou Declaration, using the CM/ECF system prior to the expiration of this Order when Financial Institutions have confirmed that Defendants' funds are frozen and that Plaintiff properly serves Defendants with the Summons and the Complaint, whichever comes later.

**Application to Vacate or Dissolve**

10. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by this Court.

**IT IS FURTHER ORDERED** that a hearing shall be held on October 1st, 2026 at 3:00 ~~a.m./p.m.~~ p.m. in Courtroom 14-B at U.S. Courthouse, 500 Pearl St., New York, NY in which Plaintiff may present its arguments in support of its request for issuance of a preliminary injunction. At such time, any Defendants may also be heard as to opposition to Plaintiff's Application.

**IT IS FURTHER ORDERED** that opposing papers, if any, shall be filed and served on or

before September 28, 2026, at 5:00 ~~a.m.~~/p.m.

This Temporary Restraining Order without notice is entered at 12:00 pm on 9/17, 2026, and shall remain in effect for fourteen (14) days.

UNITED STATES DISTRICT JUDGE